IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT TRAVIS JENKINS,

                Petitioner,

v.                                                   CASE NO. 25-3076-JWL

JESSE HOWES,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Robert Travis Jenkins. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts and will direct Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed.

### Background

In August 2016, a jury in Seward County, Kansas convicted Petitioner of aggravated robbery; the following month, the district court sentenced him to 221 months in prison. (Doc. 1, p. 1); *State v. Jenkins*, 2018 WL 2375788, *1-2 (Kan. Ct. App. May 25, 2018) (unpublished) (*Jenkins I*) rev. denied Feb. 28, 2019. Petitioner pursued a direct appeal and, in May 2018, the Kansas Court of Appeals (KCOA) affirmed his conviction and sentence. *Jenkins I*, 2018 WL 2375788, at *1. The following February, the Kansas Supreme Court (KSC) denied his petition for review. *See Jenkins v. State*, 2023 WL 8520316, *1 (Kan. Ct. App. Dec. 8, 2023) (unpublished) (*Jenkins II*). Petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 7, 2019. *Id.*

1

On November 30, 2021, Petitioner filed in Seward County district court a motion seeking state habeas corpus relief under K.S.A. 60-1507. *See id.* Shortly thereafter, the state district court denied the motion as untimely. *Id.* Petitioner appealed and, in December 2023, the KCOA reversed the denial and remanded for further proceedings. *Id.* The available online records of the Seward County District Court reflect that the remand proceedings are ongoing, with a case management conference set for May 30, 2025. *See* Kansas District Court Public Access Portal, Seward County Case No. 2021-CV-000085.

In April 2025, Petitioner filed the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1.) Because he neither paid the required filing fee nor submitted a motion to proceed in forma pauperis (IFP), meaning without prepayment of the filing fee, this Court issued a notice of deficiency (NOD) directing Petitioner to either pay the fee or submit a motion to proceed IFP. (Doc. 2.) Petitioner paid the filing fee on May 9, 2025.

## Standard of Review

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Analysis

This action is subject to the one-year limitation period established by the Antiterrorism and

Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Nothing in the current petition suggests that another subsection of the statute applies to control the date on which the one-year limitation period began. The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

In this matter, the Supreme Court denied Petitioner's petition for writ of certiorari on October 7, 2019. Thus, on October 8, 2019, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was October 8, 2020. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Petitioner did not file his § 2254 petition until April 2025. (Doc.

3

1.) Thus, it was not timely filed.

The AEDPA includes a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But since Petitioner did not file his K.S.A. 6-1507 motion until November 2021, the statutory tolling provision does not apply. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

The Court notes that K.S.A. 60-1507 motions are subject to a similar one-year statute of limitations. *See* K.S.A. 60-1507(f)(1). The KCOA held in Petitioner's case that "the Kansas Supreme Court's order suspending various statutes of limitations and filing deadlines, including those contained in K.S.A. 60-1507(f)(1), in response to the COVID-19 pandemic" rendered his K.S.A. 60-1507 motion timely filed. *Jenkins II*, 2023 WL 8520316, at *1. Put another way, from March 18, 2020 until August 2, 2021, the one-year statute of limitations for filing a K.S.A. 60-1507 motion was tolled and that time did "not count against the one-year time period in K.S.A. 60-1507(f)(1)." *Id.* at *2. The KSC administrative order that suspended the deadline for timely filing a K.S.A. 60-1507 motion, however, had no effect on the AEDPA's statute of limitations, which is set by federal statute. Thus, to the extent that Petitioner intends to assert that the suspension of the deadline to file his K.S.A. 60-1507 motion affected the deadline to file his 28 U.S.C. § 2254 petition, his argument fails.

**Equitable Tolling**

The federal habeas one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation

omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted).

In the portion of the form § 2254 petition for addressing timeliness, Petitioner states:

> I do not know if the delay in my 60-1507 has delayed this, or if this timeline ran simultaneously. But due to my Actual Innocence claim [and] Newly discovered evidence, alongside the conflict of interests that exists, I pray this Courts Jurisdiction over constitutional law [and] my Sixth, Fourteenth, [and] Fundamental rights being violated that this Court will hear my issue, or STAY proceeding until proper.
>
> Effective Assistance of Counsel, Fair Trial, [and] a right to a Judge that presides fairly are Federally Protected Rights. When the people of power sworn to defend them, uses the layman's ignorance of the law to kidnap him [and] deny him life, liberty, [and] the pursuit of happiness, then it is the Federal governments Job to look at the actions of bad actors, comparing the record to established law, [and] if the actions have been carefully covered through established law, to create knowledge and new doorways for an enslaved man to escape. I will polygraph to the fact that they took our money, [and] Ms. Winters has testified that she picked up the phone mistakenly. The fact that he was publicly intoxicated, accosting Ms. Winters, [and] the phone was not his legal property should not go unnoticed, for if I was a white man, [and] such prejudices did not exist against me in Seward County, I would have been hailed a hero. Why has no attorney sought this alleged ATM transaction? I think they have, [and] are buying time until the FDIC records are erased. Please do not allow my life to be swept under the unpublished rug. When the courts subtl[y] bar a man access, it is the Federal Governments Job to ensure he has his fair day in Court. Respectfully Submitted.

(Doc. 1, p. 13-14 (all errors in original).)

Even liberally construed, this does not demonstrate that Petitioner's failure to timely file his federal habeas petition was caused by extraordinary circumstances beyond his control.

5

Petitioner will be granted time, however, to assert specific facts that support the conclusion that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations.

**Actual Innocence**

An exception to the AEDPA statute of limitations exists where a petitioner adequately asserts actual innocence. In federal court, "actual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). "Actual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because the actual innocence exception exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.

To benefit from the actual innocence exception to the federal habeas statute of limitations, Petitioner is not required to conclusively exonerate himself. *See Fontenot*, 4 F.4th at 1030. Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). Even liberally construing the petition now before the Court, Petitioner has not done so. He generally refers to an "Actual Innocence claim" in the language quoted above, but he does

not clearly explain his claim or identify new reliable evidence that was not presented at trial and that would make it more likely than not that no reasonable juror would have convicted him of aggravated robbery.

In summary, this matter does not appear to have been timely filed and Petitioner has not shown entitlement to either equitable tolling or the actual innocence exception to the federal habeas statute of limitations. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will resume the Rule 4 review and issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed as untimely without further prior notice to him.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until and including **June 16, 2025**, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 14th day of May, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge