IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT TRAVIS JENKINS,**

                **Petitioner,**

v.                                          CASE NO. 25-3076-JWL

**JESSE HOWES,**

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Robert Travis Jenkins. The Court conducted an initial review of the Petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts and, in an order issued May 14, 2025, granted Petitioner to and including June 16, 2025 in which to show cause in writing why this matter should not be dismissed as untimely. (Doc. 3.) That deadline remains in effect. The matter comes now before the Court on Petitioner's motion for injunction (Doc. 5), motion to appoint counsel (Doc. 6), and notice to the court (Doc. 7).

### Motion for Injunction (Doc. 5)

Petitioner seeks an injunction directing the Kansas Department of Corrections staff at Lansing Correctional Facility (LCF) and Hutchinson Correctional Facility (HCF) to produce legal documents that were in his cell at LCF and have not yet been transferred to HCF, despite Petitioner being transferred from LCF to HCF on May 22, 2025. (Doc. 5, p. 1.) Liberally construing the pro se motion, it appears that Petitioner's lack of access to these documents negatively impacted his ability to appear at or participate in state court proceedings on May 30, 2025 and June 5, 2025. *Id.* Petitioner also alleges that a warrant relevant to his 2015 state court criminal case was altered by

1

LCF staff during a November 2023 shakedown. *Id.* Finally, Petitioner asks the Court to compel the KDOC to produce a bank statement certified by HCF. *Id.*

Attached to the motion is a "Letter of Condition," which details alleged misconduct by a state prosecutor and a widespread "campaign of harassment" of Petitioner undertaken to maintain his wrongful conviction. (Doc. 5-1, p. 1.) The letter also asserts that Petitioner is being denied access to phones and visitation, that the transfer to HCF was approved in order to deny him relief, that LCF staff told inmates he is a snitch, and that HCF staff plan to plant a weapon on Petitioner in order to be able to subject him to disciplinary action and induce him to waive his right to counsel. *Id.* Petitioner further claims that LCF staff illegally obtained a letter Petitioner wrote to his attorney describing Petitioner's being poisoned in retaliation for a fight between him and another inmate, copied it, and passed the copies out to inmates. *Id.* at 2. Petitioner also notes that his brother, who is also at HCF, has been attacked and Petitioner explains that he believes lockdown of HCF has been implemented in order to deny him access to the courts. *Id.*

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Id.* at 1251. A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Additionally, a mandatory preliminary

injunction, such as the one sought by Petitioner, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

In this case, Petitioner has failed to show the likelihood of success on the merits of his arguments for federal habeas relief. As stated in the Court's previous order, this matter appears time-barred. Additionally, the injunctive relief Petitioner seeks—which would require the production of "legal documents" and a certified bank statement—does not have a clear relationship to the claims in his Petition, which challenge the constitutionality of Petitioner's convictions. Petitioner has not demonstrated that he likely will suffer irreparable harm if a mandatory preliminary injunction does not issue. The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a mandatory preliminary injunction is warranted. The motion is denied.

### Motion to Appoint Counsel (Doc. 6)

Petitioner seeks the appointment of counsel in order to subpoena information he believes will prove that he was wrongfully convicted. (Doc. 6, p. 1-2.) He points out that he is indigent and he alleges that several unconstitutional errors contributed to his conviction, that he is the victim of a campaign of harassment, and that he fears for his life due to prison staff spreading rumors that he is a snitch. *Id.*

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). A court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court

that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this preliminary stage of these federal habeas proceedings, the Court finds that the interest of justice does not require appointment of counsel for Petitioner. As previously noted, this federal habeas action appears subject to dismissal as untimely filed and Petitioner appears capable of investigating facts and presenting his claims. The Court will deny the motion to appoint counsel without prejudice, however, so that Petitioner may file a motion for appointment of counsel at a later date if this case develops in a way that warrants it. For example, if discovery is authorized in this matter, the Court may reconsider whether appointment of counsel is appropriate. *See* Rules Governing § 2254 Cases, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing is warranted, the Court may consider appointment of counsel. *See* Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foll. § 2254. At this point, however, the motion is denied.

### Notice to the Court (Doc. 7)

Petitioner has filed a notice informing the Court that he has paid the filing fee required for this case. (Doc. 7.) In the same filing, however, Petitioner asks to proceed in forma pauperis and asks the Court to order HCF to provide a certified account statement, presumably to support his request to proceed in forma pauperis. *Id.* The Court is aware that the filing fee for this federal

4

habeas matter was paid on May 9, 2025. Because the filing fee was paid, any request to proceed in forma pauperis is moot and Petitioner need not file in this case a certified statement of his inmate account. Therefore, the Court will take no further action on this filing.

**IT IS THEREFORE ORDERED THAT** the motion for injunctive relief (Doc. 5) is **denied** and the motion to appoint counsel (Doc. 6) is **denied without prejudice**. The June 16, 2025 deadline to respond to the notice and order to show cause issued on May 14, 2025 (Doc. 3) remains in effect.

**IT IS SO ORDERED.**

DATED:   This 10th day of June, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
