IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT TRAVIS JENKINS,

                Petitioner,

v.                                                  CASE NO. 25-3076-JWL

DAN SCHNURR[1],

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Robert Travis Jenkins. The filing fee has been paid in full and Petitioner proceeds pro se. The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and, on May 14, 2025, the Court issued a notice and order to show cause (NOSC) regarding the timeliness of the petition. (Doc. 3.) The NOSC explained the analysis that led to its conclusion that this matter is not timely, it identified the exceptions to the general rule that untimely § 2254 petitions must be dismissed, and it granted Petitioner to and including June 16, 2025 in which to show cause, in writing, why this matter should not be dismissed. *Id.*

On June 19, 2025, the Court received from Petitioner a motion for extension of time to respond to the NOSC. Petitioner advises the Court that he has not received the NOSC and only became aware of its existence on June 17, 2025, when he received a subsequent order of the Court

---

[1] Jesse Howes, the Warden at Lansing Correctional Facility, in Lansing, Kansas where Petitioner was incarcerated, was the initially named Respondent to this action. Petitioner has now transferred from Lansing Correctional Facility to Hutchinson Correctional Facility in Hutchinson, Kansas. (Doc. 4.) Thus, Hutchinson Correctional Facility Warden Dan Schnurr is substituted as Respondent. *See Leners v. Wyo. Atty. Gen.*, 2024 WL 5087820, footnote to caption (10th Cir. Dec. 12, 2024).

1

(Doc. 8) that referred to the deadline to respond to the NOSC. (Doc. 12.) The motion for extension of time will be granted. Petitioner will be given to and including July 31, 2025 in which to respond to the NOSC (Doc. 3). The Court will direct the clerk to provide Petitioner with a copy of the NOSC.

Also before the Court are Petitioner's "Motion for Immediate Release [and] Motion Requesting Protection [*sic*] Injunction" (Doc. 9); his "Request for Injunction" (Doc. 11); and his "Cause for Reinstatement of Pleading [and] Motion to File Out of Time" (Doc. 13). The Court will first address Petitioner's motions for injunctive relief.

> A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the [moving party] is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).    The movant must also establish a relationship between the injury claimed in their motion and the conduct alleged in the complaint. *Id.* at 1251. A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Additionally, a mandatory preliminary injunction, . . . which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above. *Little*, 607 F.3d at 1251.

(Doc. 8, p. 2-3.)

In the "Request for Immediate Release [and] Motion Requestion Protection [*sic*] Injunction," Petitioner seeks "protection for [his] life," claiming that Kansas Department of Corrections (KDOC) officials and "bad actors acting under color of state law" are working to "deny [him] life, liberty, and the pursuit of happiness." (Doc. 9, p. 1.) Petitioner argues that his state-court criminal convictions resulted from numerous constitutional violations; he received unconstitutionally ineffective assistance of counsel in his subsequent K.S.A. 60-1507 proceedings;

2

evidence has been altered; his legal documents have been confiscated under the guise of an inter-prison transfer; KDOC officials have intercepted privileged legal mail, read it, and misrepresented its contents to other inmates; KDOC officials have denied him visitation and have told other inmates that he is a snitch, which has led to harassment of Petitioner and tampering with his food. *Id.* at 1-5. Petitioner asks the Court to appoint counsel to investigate these allegations and remove Petitioner from KDOC custody. *Id.* at 5.

In the "Request for Injunction," Petitioner asks the Court to order the Warden of Hutchinson Correctional Facility (HCF), where he is incarcerated, to provide outside medical testing and treatment. (Doc. 11, p. 1.) Petitioner explains that other inmates have bragged about putting bodily fluids in his food and that HCF guards have told other inmates that Petitioner has diseases. *Id.* He asserts that HCF medical staff have been furthering "the narrative" and that his meals are targeted because of the KDOC-staff-initiated rumor that Petitioner is a snitch. *Id.*

As with Petitioner's previously denied motion for injunction (*see* Docs. 5 and 8), Petitioner has failed to demonstrate the four things required to obtain a preliminary injunction. First, Petitioner has failed to show the likelihood of success on the merits of his arguments for federal habeas relief. As stated in the NOSC, this matter appears time-barred. Although Petitioner has now been granted additional time in which to respond to the NOSC, the fact remains that the information currently before the Court reflects that the case appears time-barred.

Additionally, at least some of the injunctive relief Petitioner seeks, such as an order for outside medical care, does not have a clear relationship to the claims in his petition, which challenge the constitutionality of Petitioner's convictions. Petitioner's request for an investigation of his allegations and his request for his release relate to the merits of his claims that his convictions were unconstitutional. Thus, they must wait until after it is resolved whether this matter will be

dismissed as untimely filed.[2] The Court finds that Petitioner has not met his burden to make a heightened showing that entry of a mandatory preliminary injunction is warranted. His motions for injunctive relief (Docs. 9 and 11) will be denied.

The final document before the Court is titled "Cause for Reinstatement of Pleading [and] Motion to File out of Time." (Doc. 13.) Liberally construing this document, it appears to present arguments regarding why this matter should not be dismissed as time-barred. *Id.* In light of the Court granting Petitioner additional time to prepare and submit a response to the NOSC and the likelihood that Petitioner has not yet received the NOSC, the Court will not treat this document as Petitioner's response to the NOSC. Petitioner must file, on or before July 31, 2025, a single document clearly labeled or titled as a response to the Court's NOSC on timeliness. The Court will then consider any arguments in that document and determine whether this matter should be dismissed as untimely. If Petitioner wishes to include any of the arguments from Doc. 13 in his response to the NOSC, he is free to do so.

**IT IS THEREFORE ORDERED** that Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that the motion for extension of time (**Doc. 12**) is **granted**. Petitioner is granted to and including July 31, 2025 in which to submit a response to the notice and order to show cause (Doc. 3) issued on May 14, 2025. The clerk is directed to send a copy of the notice and order to show cause (Doc. 3) to Petitioner.

**IT IS FURTHER ORDERED** that the motions for injunctive relief (**Docs. 9 and 11**) are

---

[2] To the extent that Petitioner wishes to assert claims of unconstitutional conditions of confinement, he must bring such claims in a civil rights action under 42 U.S.C. § 1983. Conditions of confinement claims are not properly brought in a habeas action such as this one. The required form for filing a § 1983 action in this Court are available on request from the clerk.

5

**denied.** The filing at Doc. 13 is liberally construed as a response, not a motion, and the clerk is directed to term it.

**IT IS SO ORDERED.**

DATED:   This 20th day of June, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge

5