IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT TRAVIS JENKINS,**

                **Petitioner,**

v.                                                                CASE NO. 25-3076-JWL

**DAN SCHNURR,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Robert Travis Jenkins. The Court conducted the required initial review of the petition and, on May 14, 2025, issued a notice and order to show cause (NOSC) directing Petitioner to show cause in writing why this matter should not be dismissed in its entirety because it was not timely filed. (Doc. 3.) This matter comes now before the Court on Petitioner's "Motion to Proceed Out of Time"; his memorandum in support of his motion to proceed out of time; his "Motion to Add Issues to Amend petition; Notice of Cause Shown; Motion to Combine Previous Motions, Issues, Not Labelled NOCS [*sic*]"; and his "Notice of Cause Shown." (Doc. 15, 16, 17, 18[1], and 19.)

All of these filings address, at least in part, whether this matter should be dismissed as time-barred. But in an order dated June 20, 2025, the Court directed Petitioner to "file, on or before July 31, 2025, *a single document* clearly labeled or titled as a response to the Court's NOSC on

---

[1] The final document filed by Petitioner in this matter contained both a response to the NOSC and motions asking the Court to take additional actions. Thus, the clerk filed the document twice—once as a response (Doc. 17) and once as a motion (Doc. 18)—due to the requirements of the Court's filing system.

1

timeliness. The Court will then consider any arguments *in that document* and determine whether this matter should be dismissed as untimely." (Doc. 14, p. 5. (emphasis added).)

Petitioner must comply with the Court's previous order and file a single responsive document, limited to addressing whether this matter should be dismissed as untimely. No further action will be taken on the responsive documents submitted thus far. When Petitioner files his single response to the NOSC, the Court will review it and issue further orders as necessary. Any subsequent documents that contain arguments on timeliness that are filed without the express permission of the Court will be disregarded.

Relatedly, Petitioner's responsive documents include requests for the Court to take actions such as issuing subpoenas or investigating Petitioner's asserted grounds for relief. The clerk will be directed to "term" the responsive documents that have been docketed as motions. "Terming" a motion simply means that the clerk will remove the designation on the docket that indicates a motion is pending. Generally speaking, a request for action by the Court must be filed as a motion and should not be included in the body of responsive documents. (*See* Doc. 11 (titled "Request for Injunction").)

On July 15 and 16, 2025, Petitioner submitted four filings made up of over 100 pages that address the timeliness issue but also contain argument on other topics. Specifically, large portions of Petitioner's responses to the NOSC focus on his allegations of constitutional errors in his trial and K.S.A. 60-1507 proceedings, including but not limited to allegations of an unconstitutional line-up, judicial bias, impermissible conflicts of interest, delayed production and suppression of discovery, ineffective assistance of counsel, a tainted jury, perjured trial testimony, shifting the burden of proof, and insufficient evidence to support his conviction. (*See*, *e.g.*, Doc. 15, p. 1-5.) Although pro se filings are liberally construed, this Court cannot act as an advocate for Petitioner

and will not sort through overly lengthy filings to construct Petitioner's arguments for him. *Cf. Chavez v. Huerfano County*, 195 Fed. Appx. 728, 730 (10th Cir. 2006) (unpublished) ("It is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case").

These arguments in support of Petitioner's asserted grounds for federal habeas relief are largely unnecessary. The sole question before the Court at this time is whether this matter should be dismissed because the petition was not timely filed. Petitioner's arguments regarding the merits of his claims may be appropriate if they clearly relate to the timeliness issue. But unrelated constitutional errors, by themselves, are not sufficient to excuse Petitioner from compliance with the statute of limitations. Therefore, Petitioner should not argue in his response to the NOSC the merits of his underlying claims for federal habeas relief unless those arguments are related to timeliness, equitable tolling, or the actual innocence exception to the statute of limitations.

The Court will allow Petitioner a final opportunity to file a single response to the NOSC (Doc. 3) and will extend the deadline for Petitioner to do so. The response should address and be limited to arguments about: (1) whether the petition was timely filed; (2) whether this Court should apply equitable tolling; (3) whether this Court should allow Petitioner to utilize the actual innocence gateway to pursue his untimely claims. As previously explained, equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). (*See* Doc. 3, p. 4-5.) The actual innocence gateway is available only if Petitioner provides new, reliable evidence that was not presented at trial and "'establish[es] that, in light of [this] new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."'" *See* Doc. 3, p. 6 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995), and *House v. Bell* 547 U.S. 518, 536-37 (2006)).) The Court will direct

3

the clerk to provide Petitioner, at no cost to him, with a copy of the NOSC (Doc. 3) so that Petitioner will have readily available the law and analysis set forth therein.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted to and including **August 15, 2025** in which to file a **single document** limited to arguments responding to the Notice and Order to Show Cause (Doc. 3). No further action will be taken on the documents currently filed at Docs. 15, 16, 17, 18, or 19. When Petitioner files a response, the Court will consider it and will issue further orders as necessary. The clerk is directed to provide Petitioner with a copy of the Notice and Order to Show Cause (Doc. 3) and to term the motions filed at Docs. 15 and 18.

**IT IS SO ORDERED.**

DATED:   This 17th day of July, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
