## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**ROBERT TRAVIS JENKINS,**

**Petitioner,**

**v.**                                                    **CASE NO. 25-3076-JWL**

**DAN SCHNURR,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Robert Travis Jenkins. After conducting the required preliminary review of the petition, the Court ordered Petitioner to show cause why this matter should not be dismissed due to his failure to commence it within the statute of limitations. (Doc. 3.) The notice and order to show cause (NOSC) set out the standards for analyzing timeliness and then explained, in relevant part:

> In this matter, the Supreme Court denied Petitioner's petition for writ of certiorari on October 7, 2019. Thus, on October 8, 2019, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was October 8, 2020. *See United States v. Hurst*, 322 F.3d 1256, 1261-62 (10th Cir. 2003). Petitioner did not file his § 2254 petition until April 2025. (Doc. 1.) Thus, it was not timely filed.

(Doc. 3, p. 3-4.)

After explaining the circumstances under which statutory tolling and equitable tolling might apply, the Court explained that "[a]n exception to the AEDPA statute of limitations exists where a petitioner adequately asserts actual innocence." *Id.* at 6. The NOSC set out the requirements for use of the actual innocence gateway, as it is called, then granted Petitioner time

in which to show cause why this matter should not be dismissed as time-barred. *Id.* at 6-7.

Petitioner filed multiple responses to the order (Docs. 15, 16, 17, 18, 19, and 21), after which the Court ordered Respondent to file a limited pre-answer response (PAR) addressing the timeliness of this matter. (Doc. 22.) Before the PAR was filed, Petitioner filed an additional response and exhibit in support of allowing this matter to proceed. (Docs. 23 and 25.) Respondent filed the PAR on October 21, 2025. (Doc. 28.) Therein, he argues therein that this matter must be dismissed as untimely filed. *Id.*

The Court has reviewed the PAR and Petitioner's various responses to the NOSC. Petitioner's responses, which Petitioner submitted as part of eight filings made over nearly a month, total over 160 pages. (Docs. 15-19, 21, 23, and 25.) The timeliness arguments made in these filings are often interwoven with claims of trial error, ineffective assistance of counsel, and prosecutorial and judicial misconduct, leaving the precise nature of Petitioner's assertions on timeliness difficult to determine. Moreover, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Petitioner will be granted time in which to submit a single reply to the PAR before the Court rules on whether this matter will be dismissed as time-barred. To be clear, the Court will allow Petitioner to file only one reply to the PAR. The response to the PAR should be titled "Reply to the Pre-Answer Response" and should address only whether this matter was timely filed or an exception to the statute of limitations should apply. Once Petitioner has filed a reply to the PAR, the Court will review all of the documents before it and will rule on whether this matter will be dismissed as untimely filed, even if the deadline for filing the reply has not yet expired. Petitioner should not file any additional motions at this time; he should file only the single reply to the PAR

and any exhibits he wishes to attach to that reply. Any additional documents addressing timeliness that Petitioner files without first obtaining permission from this Court may be stricken from the record without prior notice to Petitioner.

The Court wishes to emphasize certain points for Petitioner to consider in preparing any reply he chooses to file. First, to the extent that Petitioner wishes to argue that he is entitled to equitable tolling of the one-year federal habeas statute of limitations, he is reminded that equitable tolling is available "in rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted), "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control," *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). General assertions of diligence are not sufficient and Petitioner must explain how the extraordinary circumstances beyond his control *caused* him to fail to timely file a federal habeas petition.

Second, to the extent that Petitioner wishes to argue that he is entitled to the actual innocence exception to the statute of limitations, he is advised that he must present the Court with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

For example, Petitioner asserts that that ATM transaction records, if obtained, would show either (1) that the victim did not withdraw cash as he stated he did or (2) that the serial numbers of bills withdrawn by the victim do not match the serial numbers on the money seized by police when Petitioner was arrested. These assertions by Petitioner are mere speculation as to what the transaction records would show. Thus, they are not the type of reliable evidence that supports

3

allowing Petitioner through the actual innocence gateway.

Similarly, Petitioner's assertion regarding the testimony that Robert Long could provide is not supported by anything other than his own speculation—Petitioner has not submitted a sworn affidavit from Mr. Long detailing the testimony, for example. In order to be allowed through the actual innocence gateway, Petitioner must not only identify evidence that was not admitted at trial, he must persuade this Court that the evidence is reliable. *See Schlup v. Delo*, 513 U.S. 298, 330 (1995). If he does not do so, he may not pass through the actual innocence gateway. *See, e.g., Blacklock v. Schnurr*, No. 23-3253-JWL (D. Kan. Jan. 31, 2024) (unpublished memorandum and order) (finding unsworn affidavit unreliable); *Scott v. Bridges*, 2023 WL 5016642, *11 (E.D. Okla. Aug. 7, 2023) (unpublished opinion and order) (finding unreliable an unsworn letter from the petitioner's son and documents referred to but not presented); *Gutierrez v. Patton*, 2014 WL 6603423, *3-4 (W.D. Okla. Nov. 19, 2014) (unpublished order adopting report and recommendation) (finding unreliable and not credible a statement that purportedly exonerated the petitioner but was not made upon penalty or perjury or oath or affirmation).

**IT IS THEREFORE ORDERED THAT** Petitioner is granted to and including **November 24, 2025**, in which to file one written reply to the Pre-Answer Response in accordance with the directions in this order. Upon receipt of Petitioner's reply or expiration of this deadline, whichever comes first, the Court will determine whether this matter should be dismissed as untimely filed and will issue further orders as necessary.

**IT IS SO ORDERED.**

DATED:   This 24th day of October, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge